# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>HASKY, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01426-SKO-LJO (PC)<br><br>ORDER STRIKING UNENUMERATED RULE 12(B) MOTION AND REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN THIRTY DAYS<br><br>(Doc. 21) |

Plaintiff Eddie Harris ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2012. This action is proceeding on Plaintiff's amended complaint against Defendants Hasky and Beltran ("Defendants") for endangering Plaintiff's safety, in violation of the Eighth Amendment of the United States Constitution.

On March 12, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff has not yet filed a response to the motion. Local Rule 230(*l*).

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in

*Albino*, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Albino*, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. *Id.*

Accordingly, in light of the decision in *Albino*, it is HEREBY ORDERED that:

1. Defendants' unenumerated Rule 12(b) motion is stricken from the record;[1] and

2. Defendants have **thirty (30) days** from the date of service of this order within which to file a responsive pleading or motion.

IT IS SO ORDERED.

Dated:   **April 8, 2014**                              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] District courts have broad discretion to control their own dockets, *M. M. v. Lafayette School Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012), and the Court elects to strike Defendants' unenumerated Rule 12(b) motion to dismiss in light of the decision in *Albino*. A stricken document is a nullity which is not considered by the Court for any reason, First Informational Order, ¶1 n. 1, and given that Plaintiff is a prisoner proceeding pro se, striking the motion and requiring Defendants to re-notice it under Rule 12(b)(6) or Rule 56, accompanied by the requisite notice, serves to clarify the record and place Plaintiff on "fair notice" regarding what is required of him in responding to the motion, *Woods v. Carey*, 684 F.3d 934, 938-40 (9th Cir. 2012).