# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HARRIS, | Case No. 1:12-cv-01426-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR ORDER REQUIRING DEFENDANTS TO FILE ANSWER AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| HASKY, et al., | (Doc. 35) |
| Defendants. | |

Plaintiff Eddie Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 30, 2012. On October 17, 2014, Plaintiff filed a motion seeking an order requiring Defendants Hasky and Beltran to file an answer and seeking the appointment of counsel.

Defendants responded to Plaintiff's second amended complaint by filing a motion for summary judgment for failure to exhaust, and the Court declines to require them to file an answer unless their motion is denied.[1] Fed. R. Civ. P. 56(c); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). Therefore, Plaintiff's motion for an order requiring them to do so is denied.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353

---

[1] In a Findings and Recommendations issued concurrently with this order, the Court recommended the motion be granted.

(9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*, 560 F.3d at 970.  Accordingly, Plaintiff's motion for counsel is denied.

Based on the foregoing, Plaintiff's motion for an order requiring Defendants to answer and for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **February 17, 2015**              **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE